UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KENNETH JOHNSON,               )
                               )
            Petitioner,        )
                               )
       v.                      )    No. 1:18-cv-03196-SEB-MJD
                               )
K. ALVEY,                      )
                               )
            Respondent.        )

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Kenneth Johnson for a writ of habeas corpus challenges a prison disciplinary proceeding identified as BTC 18-06-0197. For the reasons explained in this Entry, Mr. Johnson's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On June 15, 2018, Correctional Officer A. Zink wrote a conduct report in case BTC 18-06-0197 charging Mr. Johnson with offense B-213, Threatening. Dkt. 11-1. The Disciplinary Code for Adult Offenders defines threatening as:

> Engaging in any of the following: 1. Communicating to another person an intent to physically harm, harass or intimidate that person or someone else.
> 2. Communicating an intent to cause damage to or loss of that person's or another person's property. 3. Communicating an intent to intentionally make an accusation that he/she knows is untrue or false.

Indiana Department of Correction Adult Disciplinary Process Appendix: Offenses (Jan. 1, 2018).

The conduct report stated:

> On 6/15/2018 Approx. 8:28 Offender Johnson DOC# 988475 said to me Ofc. Zink that he was going to hold an AR to my head while he raped my mother, my wife and my children. Then Offender Johnson said that when he was done raping them he was going to take me out to the woods and blow my brains out.

Dkt. 11-1.

On June 19, 2018, Mr. Johnson was advised of the report and of his rights. Dkt. 11-2. Mr. Johnson refused to cooperate in the screening or sign the forms, so the screener entered a plea of not guilty, appointed a lay advocate, and gave copies of the Report of Conduct and the Screening Report to Mr. Johnson. Dkt. 11-2; dkt. 11-7; dkt. 11-8.

On June 21, 2018, the Disciplinary Hearing Officer (DHO) convened the disciplinary hearing. Dkt. 11-3. Mr. Johnson refused to be present at his hearing. Dkt. 11-3; dkt. 11-7; dkt. 11-8; dkt. 11-9. At the time of Mr. Johnson's screening, he was classified as Mental Health Code A, which meant he had no mental illness. Dkt. 11-7; dkt. 11-8; dkt. 11-9.

The DHO found Mr. Johnson guilty of offense B-213 based on the conduct report, staff reports, and Mr. Johnson's statement. Dkt. 11-3. As a result of the guilty finding, Mr. Johnson

received a demotion of one credit earning class. *Id.*

Mr. Johnson appealed to the warden on June 27, 2018, arguing that he was denied all his rights and he was mentally unstable and on suicide watch at the time officers attempted to screen him and held the hearing. Dkt. 11-4. The facility head denied his appeal and found the sanctions appropriate. *Id.* Mr. Johnson appealed to the Appeal Review Officer, who also affirmed the DHO's decision. Dkt. 11-5. This habeas action followed.

**C.     Analysis**

Mr. Johnson alleges that his due process rights were violated in the disciplinary proceeding. His claims are: 1) he was never screened; 2) he was denied the opportunity to attend the hearing; 3) the DHO erred in stating that he considered Mr. Johnson's statement; and 4) the DHO failed to consider the fact that Mr. Johnson was on suicide watch at the time of the incident. Dkt. 2.

In support of three of Mr. Johnson's claims, he argues that he did not refuse to be screened and to attend the hearing. Rather, he was on suicide watch and was incompetent and this should have been taken into account. He argues that he was not aware of the proceedings.

No evidence that was presented to the DHO indicates that Mr. Johnson was incompetent or that he was on suicide watch. Mr. Johnson was in a restricted housing holding cell, dkt. 11-1, but there is no indication why he was there. The respondent asserts that restricted housing can be used for any type of segregation. Dkt. 11 at 9. The record establishes that at the times of the incident, screening and hearing, Mr. Johnson's mental health status was a Code A, which meant that he was not suffering from mental illness. Dkts. 11-7, 11-8, 11-9. Mr. Johnson's explanation for his refusal to participate in the screening and the hearing are not supported by the record. Even if there were a due process violation in this regard, Mr. Johnson has not presented any evidence of prejudice. In other words, he has not stated that he did not commit the offense. Absent a showing

of prejudice, any potential due process error would have been harmless. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir. 2011).

Although Mr. Johnson did not assert his remaining claim in his administrative appeals, the Court has determined that it is more judicially efficient to discuss it on the merits rather than review the procedural default defense. *See Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018) ("Rather than work our way through the maze of these procedural arguments, however, we think it best to cut to the chase and deny [the petitioner's] due process claim on the merits.").

It is true that the DHO checked the box that he considered the "statement of offender" on the Report of Disciplinary Hearing, and that Mr. Johnson did not make a "statement" at the hearing. Dkt. 11-3. In the DHO's written reason for his decision, however, he noted that he "has reviewed the conduct report and finds that it supports the charge of a 213-B." *Id*. In other words, the evidence relied on was the conduct report. "The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). There was no due process error in this regard.

Under these circumstances, there were no violations of Mr. Johnson's due process rights.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Johnson to the relief he seeks. Accordingly, Mr. Johnson's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/26/2019

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KENNETH JOHNSON
988475
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov